UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

IN RE BAUSCH & LOMB INCORPORATED             ORDER
SECURITIES LITIGATION
                                             06-CV-6294T

---

        WHEREAS, Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), provides that in securities class actions, courts "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members," 15 U.S.C. § 78u-4(a)(3)(B)(i);

        WHEREAS, the PSLRA provides that a rebuttable presumption arises that the "most adequate plaintiff" is the movant who "filed the complaint or made a motion in response," "has the largest financial interest in the relief sought by the class," and "satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure," 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I);

        WHEREAS, plaintiffs Structural Ironworkers Local #1 Annuity, Pension and Welfare Funds ("Structural Ironworkers") and Ironworkers St. Louis District Council Pension Fund (the "St. Louis Ironworkers Fund" and, collectively with Structural Ironworkers, the "Pension and Welfare Group"), Police and Fire Retirement System of the City of Detroit ("Detroit Police and Fire"), M.H. Kim and Jae R. Lee ("Kim and Lee"), and Helen Sarnoff and Anne Dayton ("Sarnoff and Dayton") timely filed four separate motions pursuant to the PSLRA for appointment as lead plaintiffs in this action (Docket ## 36-9, 35-16, 35-21, 35-9);

WHEREAS, Sarnoff and Dayton formally withdrew their motion for appointment as lead plaintiffs (*See Brannon v. Bausch & Lomb, Inc.*, Docket 06-CV-6296, # 32 (W.D.N.Y. 2006);

WHEREAS, following oral argument on the motions, the St. Louis Ironworkers Fund formally withdrew from the Pension and Welfare Group's motion for appointment as lead plaintiffs, and Structural Ironworkers continued to seek appointment as lead plaintiff by itself (Docket # 68);

WHEREAS, Detroit Police and Fire claimed losses of $263,084 on its investments in securities of Bausch & Lomb Incorporated during the Class Period;

WHEREAS, Kim and Lee claimed aggregate losses of $111,684 on their investments in securities of Bausch & Lomb Incorporated during the Class Period;

WHEREAS, Structural Ironworkers claimed losses of $71,326 on its investments in securities of Bausch & Lomb Incorporated during the Class Period;

WHEREAS, on August 4, 2006, Kim and Lee filed a Statement in Response to Competing Motions for Lead Plaintiff and Lead Counsel, in which they stated:

> Given the Detroit Police and Fire has the largest financial interest and is presumptively the "most adequate plaintiff," Detroit Police and Fire should be appointed lead plaintiff.

(Docket # 41 at 1-2);

WHEREAS, on October 13, 2006, the Court conducted oral argument on the motions to appoint lead plaintiff and to approve lead counsel (Docket # 67);

WHEREAS, at the October 13, 2006 oral argument, the Court asked counsel for Kim and Lee, "you have withdrawn that application [*i.e.*, Kim and Lee's motion for appointment

as lead plaintiff] and you've submitted a short statement or memorandum in support of the motion by Detroit Fire and Police[,] [c]orrect?" and counsel for Kim and Lee responded, "That is correct, your Honor" (Docket # 89-2 at 3);

WHEREAS, by Order dated July 13, 2007, the Court appointed Structural Ironworkers as lead plaintiff and approved Structural Ironworkers' selection of counsel as lead counsel for the Class (Docket # 78);

WHEREAS, the Court's July 13, 2007 Order did not address the merits of Kim and Lee's motion, noting that they had withdrawn it (Docket # 78 n.5);

WHEREAS, Detroit Police and Fire filed a motion for reconsideration of the Order dated July 13, 2007 on July 19, 2007 (Docket # 79);

WHEREAS, Kim and Lee filed a motion for reconsideration of the Order dated July 13, 2007 on July 27, 2007 (Docket # 84);

WHEREAS, the Court stated at the October 12, 2006 oral argument on the lead plaintiff motions that "[p]erhaps you all [Structural Ironworkers and Detroit Police and Fire] should serve together" and noted that "there is some authority to suggest that when you have institutional investors, who on the analysis of losses and financial stake, are not significantly disparate that perhaps it might not be inappropriate for them to serve as co-lead plaintiff[s]" (Docket # 89-2 at 40);

WHEREAS, Structural Ironworkers and Detroit Police and Fire have conferred and believe that it is in the best interests of the Class for Structural Ironworkers and Detroit Police and Fire to serve as co-lead plaintiffs and for their respective counsel to serve as co-lead counsel for the Class;

WHEREAS, Structural Ironworkers and Detroit Police and Fire have executed a Stipulation dated October 12, 2007 agreeing to serve as co-lead plaintiffs and to have their respective counsel serve as co-lead counsel for the Class (Docket # 98);

WHEREAS, Kim and Lee object to the proposal that Structural Ironworkers and Detroit Police and Fire serve together as lead plaintiffs and continue to seek reconsideration of this Court's July 13, 2007 Order and appointment of themselves as lead plaintiffs;

WHEREAS, the Court has fully considered the memoranda and declarations submitted in connection with the two pending motions for reconsideration of the Court's July 13, 2007 Order;

WHEREAS, the Court determines that Kim and Lee withdrew their motion for appointment as lead plaintiffs and confirmed that withdrawal by representation to the Court at oral argument on October 13, 2007;

WHEREAS, Structural Ironworkers and Detroit Police and Fire are both institutional investors that have filed complaints in this consolidated action (Docket ## 35-5; 35-18, Ex. C), have demonstrated substantial financial interests in the relief sought by the Class, have demonstrated that they individually and collectively satisfy the typicality and adequacy requirements of Fed. R. Civ. P. 23(a), and have represented their commitment to work together to prosecute this action in the best interests of the Class and to monitor counsel for the Class;

WHEREAS, even if it were found that Kim and Lee had not withdrawn their motion for appointment of lead counsel, the Court determines that Structural Ironworkers and Detroit Police and Fire, as institutional investors which claim losses more substantial than those claimed by Kim and Lee, whether viewed together or separately (Structural Ironworkers claims

losses of $263,084; Detroit Police and Fire claim losses of $71,326; Kim claims losses of $64,277.35; Lee claims losses of $47,406.15), are better suited to serve as lead plaintiffs than are Kim and Lee; and

WHEREAS, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the lead plaintiff "shall, subject to the approval of the court, select and retain counsel to represent the class," and Structural Ironworkers and Detroit Police and Fire have selected and retained the law firms of Coughlin Stoia Geller Rudman & Robbins LLP and Bernstein Litowitz Berger & Grossmann LLP, respectively, each of which has substantial experience in the prosecution of shareholder and securities class actions and is qualified to represent the Class;

IT IS HEREBY ORDERED AS FOLLOWS:

1. The Order dated July 13, 2007 is **MODIFIED** as set forth in this Order;

2. The motion for reconsideration filed by Detroit Police and Fire (Docket # 79) is **DENIED AS MOOT**;

3. The motion for reconsideration filed by Kim and Lee (Docket # 84) is **DENIED**;

4. Structural Ironworkers and Detroit Police and Fire are **APPOINTED** to serve as co-lead plaintiffs, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by Section 101(a) of the PSLRA, in the above-captioned action and all related actions consolidated herewith;

5. The selection of counsel by Structural Ironworkers and Detroit Police and Fire is **APPROVED**, and the law firms of Coughlin Stoia Geller Rudman & Robbins LLP and

Bernstein Litowitz Berger & Grossmann LLP are hereby **APPOINTED** as co-lead counsel for the Class; and

      6.    Counsel for the Class shall notify the Court in writing within five (5) days of the filing of defendants' answers to the consolidated amended complaint, or the district court's decision on any motions to dismiss the consolidated amended complaint, to request a conference pursuant to Fed. R. Civ. P. 16(a).

**IT IS SO ORDERED.**

                          *Marian W. Payson*
                          MARIAN W. PAYSON
                    United States Magistrate Judge

Dated:  Rochester, New York
         October  26 , 2007